[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 30 August 1996 DATE OF APPLICATION: 30 August 1996 DATE OF APPLICATION FILED: 30 August 1996 DATE OF DECISION: 22 June 1999
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven.
Docket Number CR-95-0407804.
Paul Carty, Esq. For the Petitioner
Robert O'Brien, Esq. For the State of Connecticut
 BY THE DIVISION
The petitioner was convicted after a trial by jury of Murder CT Page 13098 in violation of Conn. Gen. Stat. 53a-54; Conspiracy to Commit Murder in violation of Conn. Gen. Stat. 53a-54a/53a-54b(a); Attempted Murder in violation of Conn. Gen. Stat. 5a-49 (a) (2) 53a-54a; Criminal Possession of a Firearm, in violation of Conn. Gen. Stat. 53a-217 and Weapons in a Motor Vehicle in violation of Conn. Gen. Stat. 29-38.
The sentencing court imposed fifty years to serve on the Murder count, 10 years concurrent on the Conspiracy to Murder count; ten years consecutively on the Attempted Murder count; two years concurrent on the Weapons in a Motor Vehicle count, for a total effective sentence of sixty years to serve.
On November 20, 1994 the New Haven Police responding to a shooting found a sixteen-year-old victim bleeding profusely from the back and mouth. He later died and the cause of death was a gunshot wound to the back. Witnesses at the scene said a car occupied by three to four people pulled up to the porch the victim was standing on and brandished a gun and began firing. Investigation revealed that the shooting was predicated on two- drug gang's rivalry, retaliation and revenge.
At the hearing, counsel thought the sentence imposed was excessive in that the petitioner's record was devoid of any violent acts. Noting that the petitioner's brother was shot the day before the incident counsel argued that this was not an act of cold blooded murder but should be construed as an act of passion. Counsel noted that the co-defendant only received twenty years to serve and asked this panel to be consistent in sentencing. Counsel felt that a sentence of thirty years to serve would be appropriate considering all of the circumstances.
The attorney for the state called the murder a chilling act where the petitioner just blasted away at a group of people without knowing if they were responsible for his brother's shooting. He noted that the shooters were laughing about their heinous deeds at the time of the shooting. According to the state, the petitioner had prior arrests for weapons offenses and his criminal history shows that probation did not work in deterring petitioner from further criminal acts. Counsel characterized the murder as a senseless act in clear disregard for human life and asked the panel to affirm the sentence.
When reviewing a sentence this panel does so in accordance with 43-28 of Conn. Practice Book. A careful review of the record CT Page 13099 shows that the sentencing court took into consideration the minimally positive things attributed to the petitioner. This murder, is a senseless and brutal act centered on criminal drug dealing between rival thugs. The Review Division finds that the sentence imposed is neither excessive, nor disproportionate. THE SENTENCE IS AFFIRMED.
Norko, J.
Klaczak, J.
O'Keefe, J.
Norko, J., Klaczak, J. and O'Keefe, J. participated in this decision.